IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil No. |
| | ) |
| BEDROS BOGHOSSIAN, | ) |
| VICKEN BOGHOSSIAN, | ) |
| WELLS FARGO BANK, and | ) |
| THE STATE OF MICHIGAN, | ) |
| | ) |
|     Defendants. | ) |

## COMPLAINT

The United States of America pursuant to the provisions of 26 U.S.C. §§ 7401(a) and 7403, with the authorization of the Secretary of the Treasury and at the direction of the Attorney General of the United States, brings this civil action to: (a) collect from the defendant-taxpayer, Bedros Boghossian, an outstanding unpaid liability for federal internal revenue taxes, plus statutory accruals; (b) establish the validity of the liens of the United States under 26 U.S.C. § 6321 upon all of the property and rights to property of the defendant-taxpayer Bedros Boghossian; (c) foreclose the liens of the United States upon the real property known as 29491 Lathrup Blvd., Southfield, Michigan 48076 (the "Lathrup Property"); (d) determine the respective interests of the defendants in the Lathrup Property and the relative priority and amount or percentage of distribution that each defendant and the United States shall receive from the proceeds of a Court-

- 2 -

ordered sale of said property; and (e) permit a judicial sale of the Lathrup Property, and complains and alleges that:

1. Jurisdiction over this action is conferred upon the district court in 28 U.S.C. §§ 1331, 1340, and 1345, and 26 U.S.C. §§ 7402(a) and 7403(c).

2. Bedros Boghossian resides within the jurisdiction of this court.

3. The defendant Vicken Boghossian is made a defendant in the action as required by 26 U.S.C. § 7403(b), for the reason that he has, or may claim, an interest in the property upon which the United States seeks to foreclose its lien.

4. The defendant Wells Fargo Bank, as Trustee for ABFC 2004-0-T 5, ABFC Asset-Backed Certificates, Series 2004-0-T 5, is made a defendant in the action as required by 26 U.S.C. § 7403(b), for the reason that it has, or may claim, an interest in the property upon which the United States seeks to foreclose its lien.

5. The defendant the State of Michigan is made a defendant in the action for the reason that it has, or may claim, an interest in the property upon which the United States seeks to foreclose its lien.

6. A delegate of the Secretary of the Treasury of the United States of America made assessments on the dates, for the employment tax periods, and for the amounts set forth in the chart below, against the defendant-taxpayer Bedros Boghossian, as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service, the withheld income taxes and F.I.C.A. contributions due from employees of Glamour Jeweler Inc. for the period ending December 31, 1998, and Glamour Enterprises, Inc. for the periods ending March 31, 2003, March 31, 2004, and December 31, 2004, and who willfully failed to collect,

- 3 -

truthfully account for, and pay over to the Internal Revenue Service those taxes with respect to these periods.

| Type of Tax | Tax Period Ended | Assessment Date | Taxes | Interest | Total |
|---|---|---|---|---|---|
| 6672 | 12/31/1998 | 4/10/2000 | $29,908.55 | $24,123.17 | $54,031.72 |
| 6672 | 06/30/2003 | 03/06/2006 | $ 821.57 | $ 218.60 | $ 1,040.17 |
| 6672 | 03/31/2004 | 02/27/2006 | $ 2,077.01 | $ 56.15 | $ 2,133.16 |
| 6672 | 12/31/2004 | 02/27/2006 | $ 798.67 | $ 213.85 | $ 1,012.52 |

7. On October 30, 2006, a delegate of the Secretary of the Treasury of the United States of America made an assessment against the defendant-taxpayer Bedros Boghossian, for unpaid federal income tax for the year ending December 31, 2005, in the amount of $449.41, together with interest and statutory penalties in the amount of $121.88, for a total assessment of $571.29.

8. On, or about, the dates of each assessment described above in paragraphs 6 and 7, a delegate of the Secretary of the Treasury of the United States of America gave notice of the assessment to and made a demand for payment of the assessment upon the defendant-taxpayer Bedros Boghossian.

9. The defendant-taxpayer Bedros Boghossian has failed, neglected, or refused to pay the amount of the assessments in full, and, after the application of all abatements, payments, and credits, he remains indebted to the United States of America for unpaid assessed internal revenue taxes and interest in the amount of $58,788.86 as of March 1, 2009, plus such additional amounts as may have accrued from the date of assessment, or may continue to accrue as provided by law.

10. The failure, neglect, or refusal of the defendant-taxpayer Bedros Boghossian to pay the tax assessed against him following notice of the assessment and

- 4 -

demand for payment of the same, gave rise, as of the date of the assessment, to liens in favor of the United States, pursuant to 26 U.S.C. §§ 6321 and 6322, upon all of the property and rights to property of the defendant-taxpayer Bedros Boghossian in an amount equal to the unpaid assessments, plus interest and other accruals permitted by law.

11. The Notice of Federal Tax Liens reflecting these assessments were filed with the Oakland County Register of Deeds Office on the dates indicated in the chart below:

| Type of Tax | Employment Tax Periods Ending | Lien Filing Date |
| --- | --- | --- |
| 6672 | 12/31/1998 | 10/03/2001 |
| 6672 | 06/30/2003 | 10/23/2007 |
| 6672 | 03/31/2004 | 10/23/2007 |
| 6672 | 12/31/2004 | 10/23/2007 |
| 1040 | 03/31/2000 | 10/23/2007 |

12. By deed dated September 9, 1988, and recorded with the Oakland County Register of Deeds Office on September 20, 1988, the real property located at 29491 Lathrup Blvd., Southfield, Michigan 48076, which has the following property description:

> Lot 128. "BEDFORD VILLAS NO. 2", as recorded in liber 55, page 55 of plats, Oakland County Records.
>
> 24-12-302-009

was transferred to the taxpayer-defendant Bedros Boghossian and Maguy Boghossian, as joint tenants with right of survivorship.

13. On June 11, 1998, Maguy Bohossian filed a quit-claim deed conveying her interest in the Lathrup Property to the defendant-taxpayer Bedros Boghossian.

14. On February 5, 2005, the defendant-taxpayer Bedros Boghossian filed a

- 5 -

quit-claim deed conveying part of his interest in the Lathrup Property to the defendant Vicken Boghossian.

15.   The defendant Wells Fargo Bank, as Trustee for ABFC 2004-O-T 5, ABFC Asset-Backed Certificates, Series 2004-O-T 5, and holder of the existing mortgage on the Lathrup Property, subsequently declared that the defendant-taxpayer Bedros Boghossian had defaulted on the terms of his mortgage so it foreclosed on the Lathrup Property, as evidenced by a Sheriff's Deed on Mortgage Sale, filed at the Oakland County Register of Deeds Office on February 20, 2007.

16.   The foreclosure by Wells Fargo was effected subject to and without disturbing the federal tax liens that had attached to the Lathrup Property; accordingly, the federal tax liens on the Lathrup Property remain superior to all other interests in the property.

WHEREFORE, the United States of America demands judgment against the defendant-taxpayer Bedros Boghossian, in the amount of $58,788.86, plus such additional amounts as may have accrued from the date of assessment or may continue to accrue as provided by law; and prays for the additional following relief:

A.   That the Court determine and adjudge that the United States has a valid and subsisting federal tax lien on all property and rights to property of the defendant-taxpayer Bedros Boghossian;

B.   That the Court determine that the federal tax liens attached to the rights to property of Bedros Boghossian in the Lathrup Property prior to the creation of the security interest of Wells Fargo in the property;

- 6 -

C. That the Court determine that the foreclosure by Wells Fargo was effected subject to and without disturbing the federal tax liens that had attached to the Lathrup Property so that the federal tax liens on the Lathrup Property remain superior to all other interests in the property;

D. That the Court order that the federal tax lien for the liabilities of the defendant-taxpayer Bedros Boghossian attaching to the real property described in paragraph 12, above, be foreclosed, and that said property may be sold in a judicial sale, according to law, free and clear, with the net proceeds of the sale, after the satisfaction of the direct costs of sale, to be allocated among the interests of the defendants in accordance with their lawful priorities; and

E. That the United States shall recover its costs in the action, and be awarded such other and further relief as the court determines is just and proper.

JOHN A. DiCICCO
Acting Assistant Attorney General
Tax Division
United States Department of Justice


 */s/ William C. Elwell*
William C. Elwell
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C.  20044-0055
Tel.: (202) 307-1038
e-mail: william.c.elwell@USDOJ.gov