UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 10-11426
                                                    Honorable Denise Page Hood

BEDROS BOGHOSSIAN,
VICKEN BOGHOSSIAN,
RANDALL HENDERSON,
and THE STATE OF MICHIGAN,

    Defendants.

_____/

**<u>ORDER GRANTING THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT RANDALL HENDERSON'S MOTION FOR SUMMARY
JUDGMENT</u>**

**I.    INTRODUCTION**

This matter involves the enforcement of federal tax liens on real property after it was sold by judicial sale. Now before the Court are Defendant Randall Henderson's Motion for Summary Judgment and the United States' Motion for Summary Judgment. For the reasons stated below, the Government's Motion for Summary is GRANTED and Randall's Motion for Summary Judgment is DENIED.

**II.    BACKGROUND**

    **A.  Procedural Background**

The Government filed the present action against Defendants Bedros Boghossian, Vicken Boghossian, Wells Fargo Bank, and the State of Michigan to [1] reduce to judgment Bedros Boghossian's unpaid federal internal revenue tax liabilities; [2] enforce the United States lien

1

with the judicial sale of real property commonly known as 29491 Lathrup Blvd, Southfield, Michigan 48076 (the "Lathrup Property"); and [3] determine interests and priorities in the Lathrup Property. Wells Fargo answered the Complaint indicating that it no longer had an interest in the Lathrup Property. The Lathrup Property was foreclosed upon and sold at a sheriff's sale to Randall Henderson on October 1, 2008.

On February 8, 2011, the State of Michigan and the Government stipulated that "between the two governments the priority of the tax liens are determined by date of assessment rather than the date that the lien was recorded, and the [United State's] federal tax liens therefore have priority over [the State of Michigan's] tax liens." (Docket No. 17 ¶ 6). The parties stipulated that the State of Michigan would no longer be active in the case. On May 5, 2011, Wells Fargo and the Government stipulated to the dismissal of Wells Fargo with prejudice. On May 24, 2011, the Government moved to amend its Complaint to join Randall Henderson, which Magistrate Judge Mark Randon granted on June 20, 2011. The Government filed its Amended Complaint adding Randall Henderson on June 21, 2011.

Vicken Boghossian, who also had an interest in the Lathrup Property, has not filed an Answer or asserted an interest.

    B.  Factual Background

        1.  **Bedros Boghossian's Tax Liability**

The Government made assessments against Mr. Boghossian pursuant to 26 U.S.C. § 6672 for the tax periods ending on December 31, 1998, June 30, 2003, March 31, 2004, and December 31, 2004 for failure to pay income and FICA taxes for employees of Glamour Jewelry and Glamour Enterprises. The Government filed Notices of tax liens in October 2001 and October 2007. The State of Michigan recorded its tax liens against Mr. Boghossian on October 7, 2008.

Mr. Boghossian is indebted to the Government in the amount of $64,098.76 plus costs and interest.

### 2. Lathrup Property

On September 9, 1988, Bedros and Maguy Boghossian acquired the property commonly known as 29491 Lathrup Blvd, Southfield, Michigan 48076. On June 11, 1998, Maguy quit claimed her interest in the Lathrup Property to Mr. Boghossian. On July 9, 2004, Mr. Boghossian executed a Mortgage against the Lathrup Property with Option One Mortgage Corporation for the amount of $196,500.00. On January 31, 2005, Mr. Boghossian conveyed his interest in the Lathrup Property to Vicken Boghossian and himself.

In January 2007, Option One Mortgage assigned its mortgage on the Lathrup Property to Wells Fargo Bank. Mr. Boghossian defaulted on the Lathrup Property in 2006 and it was non-judicially foreclosed upon on February 20, 2007. Mr. Boghossian did not redeem the Lathrup Property. The Lathrup Property was conveyed to Randall Henderson on October 1, 2008 for a purchase price of $62,500.00.

## III. ANALYSIS

### A. Standard of Review

Summary judgment under Rule 56(a) is appropriate in cases where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of demonstrating that summary judgment is appropriate. *Equal Employment Opportunity Comm'n v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1093

(6th Cir. 1974). The Court must consider the admissible evidence in the light most favorable to the non-moving party. *Sagan v. United States of Am.*, 342 F.3d 493, 497 (6th Cir. 2003).

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party *only* if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis added). To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. Any dispute as to a material fact must be established by affidavits or other documentary evidence. Fed. R. Civ. P. 56(c). "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment. *Scott*, 550 U.S. at 380.

**B. Statute of Limitations**

The Government argues that its interest in the Lathrup Property is valid and superior to all other claims and Defendant received the Lathrup Property subject to the Government's interest. The Government also notes that Defendant Vicken Boghossian does not contest its superior interest in the Property. Vicken Boghossian has not appeared in this action and did not file a response contesting the Government's interest.

Henderson does not contest the Government's interest in the Lathrup Property. Rather, Henderson argues that the Government may not sale the Property in satisfaction of the federal

4

tax lien because the statute of limitations for the collection of a tax is ten years from the date of assessment and the Government waited more than eleven years before attempting to assess the tax against Henderson. Henderson argues that the Government was timely in assessing the tax against Mr. Boghossian, but not against Henderson. Henderson asserts that the filing of the lawsuit on April 9, 2010 did not toll the statute of limitations because the Government did not add Henderson as a party until after the statute of limitations expired. The Government counters that once the present action was filed the statute of limitations tolled and that it properly added Henderson.

26 U.S.C. § 6321 provides that "any person liable to pay any tax [that] neglects or refuses to pay … shall be a lien in favor of the United States upon all property and rights to property." Such a lien will continue until it is satisfied or "becomes unenforceable by reason of lapse of time." 26 U.S.C. § 6322. 26 U.S.C. § 6502(a)(1) provides that the assessment of tax "may be collected by levy or by a proceeding in court . . . within 10 years after the assessment of the tax." Therefore, "[t]here is no time limit…on an action against the taxpayer to enforce a timely levy or judgment obtained in a timely filed court proceeding." *United States v. Weintraub*, 613 F.2d 612, 620-21 (6th Cir. 1979); *see also United States v. Giffels Assoc.*, No. 95-71316, 1996 WL 303281, *4 (E.D. Mich. Apr. 3, 1996) ("the government constructively takes possession of property when it serves a levy concerning the property; if the government serves the levy within the applicable limitations period, it then may seek to enforce the levy at its leisure"); *United States v. Brickman*, 906 F.Supp. 1164, 1169 (N.D. Ill. 1995) (finding that the initiation of a proceeding against the taxpayer was sufficient to toll the statute of limitations, and "the resulting judgment could thereafter be enforced at any time" against the transferees). The Government filed its lawsuit in April 2010, which was within the ten year limitations period. The act of filing suit was sufficient

to toll the statute of limitations and the Government may now enforce the lien at its leisure.

### C. Release

Henderson contends that the lien was released by its own terms on May 11, 2010. The Government notes that the original notice expired on May 10, 2010. The record shows that the Government timely refiled its notice on May 28, 2009 pursuant to 26 U.S.C. § 6323(f) and (g). Henderson does not contest that the filing was proper.

### D. Equity

Henderson argues that equity would not allow the Government to reduce Mr. Boghossian's tax debt "at the expense of [an] innocent taxpayer[]." The Government counters that equity favors the United States because Henderson could have investigated the Lathrup Property before he purchased it. The tax liens were filed prior to Henderson's purchase of the Lathrup Property, giving him constructive notice of the defects. The Government further contends that Henderson's remedy is against Wells Fargo or the title company.

The Court finds that the Government's argument has merit. Henderson could have investigated the property prior to his purchase to determine if there were any defects in the title. The tax liens were filed in October 2001 and October 2007. Both were filed before Henderson purchased the Lathrup Property in October 2008. Henderson does not take issue with whether the liens were properly recorded. He had constructive notice that the Lathrup Property was encumbered when he purchased it. Nor does Henderson contest that the Government had a valid and superior interest in the Lathrup Property. Equity would favor the Government which had a superior interest when Wells Fargo sold the Lathrup Property to Henderson. Henderson's issue may lie with Wells Fargo and the title search company, but not with the Government.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Randall Henderson's Motion for Summary Judgment **[Docket No. 39, filed February 21, 2012]** is **DENIED**.

**IT IS FURTHER ORDERED** that the United States' Motion for Summary Judgment **[Docket No. 40, filed February 21, 2012]** is **GRANTED**. The Government may enforce the tax lien on the Lathrup Property.

                                                s/Denise Page Hood
                                                DENISE PAGE HOOD
DATED: June 28, 2012                    United States District Judge

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, Thursday, June 28, 2012, by electronic and/or ordinary mail.

                                                s/Tanya Bankston for LaShawn Saulsberry
                                                Case Manager, (313) 234-5160